Peck, J.
The validity of the warrant of attachment in this case may be determined by the validity of the cause of action *503 attempted to be stated in the complaint. If no cause of action is stated, the warrant of attachment cannot stand. The complaint rests upon a contract between the parties by which plaintiffs were appointed sales agency for “ all home appliance products produced ” by defendant for a period of five years. The complaint alleges that during the five-year period defendant breached the contract by notifying plaintiffs that it would not continue after April 25, 1947, to operate its manufacturing plant and would not manufacture or produce any articles of merchandise after that date but would liquidate its business and dispose of and sell its plant, machinery and assets and discontinue all future business. The damages claimed are future profits lost by this alleged anticipatory breach of contract.
It will be noted that the complaint in no way suggests bad faith on the part of the defendant or a purpose to evade its obligation. For aught that appears, and indeed does appear from the papers on the motion, the proposed cessation of business is a bona fide liquidation impelled by business conditions.
While the cases are not in harmony as to the extent of the obligation entailed in a requirements or output contract, the weight of authority, as expressed in Matter of United Cigar Stores Co. of America (72 F. 2d 673, 675) is that there is no implied obligation to continue in business. The contracting party is left free to do with his business as he may deem best provided his conduct is bona fide. [Requirements or output may decrease or increase as business conditions fluctuate, and as the Circuit Court of Appeals for this circuit said in the above-cited case, there can be no rational distinction between decreases stopping short of extinction and those which do not.
The essence of any 'cause of action based on going out of business and ceasing to have requirements or an output is bad faith. A complaint which wholly fails to indicate bad faith, as this complaint does, fails to state a cause of action. The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion to vacate the attachment granted.
G-lexkox and Vax Vooehis, JJ., concur; Dobs and Cohk, JJ., dissent and vote to modify by reducing the amount of the attachment to $75,000.
Order reversed, with $20 costs and disbursements to the appellant, and the motion to vacate the attachment granted. Settle order on notice.